D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiffs, proposed FLSA
Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

| | |
|---|---|
| **JOHN "DEVON" CHURCH and ADA ROTH, on behalf of themselves and others similarly situated,** | **CASE NO. 1:26-CV-4312** |
| **Plaintiffs,** | **COMPLAINT** |
| **v.** | **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |
| **CATALPANYC LLC d/b/a EL PINGUINO RESTAURANT, and NICHOLAS PADILLA,** | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

---------------------------------------------------------x

Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

## JURISDICTION AND VENUE

1.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.     Defendant Catalpanyc LLC d/b/a El Pinguino Restaurant ("El Pinguino") is a New York limited liability company that owns and operates a restaurant called El Pinguino Restaurant in Brooklyn, NY.

4.     Upon information and belief, at all relevant times El Pinguino's annual gross volume of sales has exceeded $500,000.

5.     El Pinguino has employees engaged in interstate commerce and handling, selling, or otherwise working on goods and materials that have been moved in or produced for interstate commerce.

6.     Defendant Nicholas Padilla ("Padilla") is an the owner and/or operator of El Pinguino.

7.     Defendants Padilla actively manages El Pinguino and are frequently present at the restaurant overseeing its general affairs.  While at the restaurant he regularly meets with management employees to discuss day-to-day management issues.

8.     As owners and/or operators, Defendant Padilla has the power to hire and fire employees and determine their rates and methods of pay.

9.     Defendants Padilla hired Plaintiffs and set their schedules.  Defendants Padilla also implemented the pay policies that are the subject of this Lawsuit,

10.     Plaintiff John "Devon" Church has worked for Defendants as a server at El Pinguino since December 2021.

11.     Plaintiff Ada Roth has worked for Defendants as a server at El Pinguino since December 2021.

## FLSA COLLECTIVE ACTION ALLEGATIONS

2

12.     Plaintiffs bring the First Claim for Relief as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of all servers, bartenders, barbacks, runners, and bussers employed by Defendants at El Pinguino on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules of failing to pay overtime properly. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and contact information are readily available from the Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, and text message to the last address, email address, and phone number known to Defendants.

### RULE 23 CLASS ALLEGATIONS – NEW YORK

15.     Plaintiffs bring the State Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all servers, bartenders, barbacks, runners, and bussers employed by Defendants on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

16.     All said persons, including Plaintiffs, are referred to herein as the "Class."  The Class members are readily ascertainable.  The number and identity of the Class members are

determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

17. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than thirty (30) members of the Class.

18. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and spread of hours compensation, illegal retention of tips, and failure to provide required wage notices/statements. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because

doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

22.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)     Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York law.

b)     At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and the Class members for their work.

d)     Whether Defendants paid Plaintiffs and the Class members the minimum wage for all hours worked.

e)     Whether Defendants paid Plaintiffs and the Class members New York's spread of hours premium for workdays that spanned more than 10 hours.

f)     Whether Defendants provided Plaintiffs and Class members with proper wage notices and wage statements.

g)     Whether Defendants retained and or misappropriated Plaintiffs' and the Class Members' tips.

## **FACTS**

23.     Plaintiffs' Consent to Sue forms are attached as Exhibit A.

24.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

25.     During the statutory period, Defendants paid all tipped employees, including Plaintiffs, amounts which were less than the full New York minimum wage.

6

26.     Defendants were not entitled to pay tipped employees the lower foodservice workers' minimum wage because Defendants failed to provide them with written notice that Defendants were taking a tip credit from the minimum wage.

27.     Defendants were required to provide written notice of the tip credit at the beginning of Plaintiffs' and the other tipped employees' employment, but Defendants failed to do this.

28.     Defendants also were not entitled to pay Plaintiffs pursuant to the tip-credit, because they often required Plaintiffs to spend more than two hours or 20% of their work-shifts on non-tipped work.

29.     Specifically, Plaintiffs often worked shifts that began at 2:00 p.m. and ended at times past midnight.     The first two hours of these shifts were spent doing side-work, such as organizing juices and syrups, setting up the tables, restocking the bar, and arranging silverware and glassware. This non-tipped part of the day necessarily lasted two hours, as the restaurant's doors do not open until 4:00 p.m.

30.     At the end of the shifts, Plaintiffs often spent an additional one hour, sometimes two, doing similar side-work.

31.     Plaintiffs at times worked more than forty (40) in a given workweek.

32.     For example, for the week ending July 17, 2024, Plaintiff Church was clocked in and was paid for 41.84 hours. Defendants paid Plaintiff Church  $12.50 per hour for the first 40 hours that week, and $19.10 per hour for his overtime hours.

33.     For the reasons stated above, Defendants were not entitled to pay Plaintiff pursuant to any tip credits, and thus his overtime wage was properly $24 ($16 (NY's minimum wage in 2024) x 1.5).

34.    In the above example, even if Defendants were entitled to the tip credit of $3.50 they were using to pay Plaintiff Church, his overtime rate would have been $20.50 ($16 x 1.5 = $24 - $3.50), not the $19.10 they actually paid.

35.    Defendants were also required to provide written notice of the tip credit whenever the minimum wage or tip credit changed, which occurred periodically during the statutory period, but Defendants failed to do this.

36.    Defendants did not pay Plaintiffs New York's "spread of hours" premium when their shifts lasted longer than ten (10) hours.

37.    Defendants required Plaintiffs to share tips with kitchen employees who provided minimal customer service and whose primary job duties were to prepare food in the kitchen out of the view of customers.

38.    Defendants never provided Plaintiffs or the Class members with wage notices, as required by NYLL § 195(1). As a result, Defendants' payment of the tip credit minimum wage was an underpayment.

39.    Defendants knowingly committed the foregoing acts against the Plaintiffs, FLSA Collective members, and members of the Class.

**FIRST CLAIM FOR RELIEF**
**(FLSA Minimum Wage Violations, 29 U.S.C. § 201, *et seq.*)**
**(Brought by Plaintiffs on Behalf of Themselves**
**and the FLSA Collective Plaintiffs)**

40.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

41.    At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

42.    At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

43.    During the statute of limitations period covered by these claims, Defendants willfully failed to pay Plaintiffs and the FLSA Collective Plaintiffs their proper overtime rates for hours worked in excess of forty (40) per workweek.

44.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*)**
**(Brought by Plaintiffs on Behalf of Themselves and the Class)**

45.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

46.    Defendants knowingly paid Plaintiffs and the Class members less than the New York State minimum wage for all hours worked.

47.    As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## THIRD CLAIM FOR RELIEF
**New York Overtime Violations,**
**N.Y. Lab. L. § 650 *et seq.*, N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4**
**(Brought by Plaintiffs on Behalf of Themselves and the NYLL Class)**

48.    Plaintiffs reallege and incorporate by reference all previous paragraphs.

49.    Throughout the FLSA Collective Plaintiffs Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class Members at the required overtime rate for hours worked in excess of forty (40) hours per workweek.

50.    As a result of Defendant's willful and unlawful conduct, Plaintiffs and the members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees

**FOURTH CLAIM FOR RELIEF**
**(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d)**
**(Brought By Plaintiffs on Behalf of Themselves and the Class)**

51.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

52.    Defendants retained/misappropriated portions of Plaintiffs' and Class Members' tips.

53.    As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FIFTH CLAIM FOR RELIEF**
**(New York Spread of Hours Violations, 12 NYCRR § 146-1.6)**
**(Brought by Plaintiffs on Behalf of Themselves and the Class)**

54.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

55.    Defendants did not pay Plaintiffs and the Class Members' New York's spread of hours premium when their workdays spanned more than 10 hours.

56.    As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**SIXTH CLAIM FOR RELIEF**
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**(Brought by Plaintiffs on Behalf of Themselves and the Class)**

57.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

58.     Defendants did not provide Plaintiffs and the members of the Class with the notices/statements required by N.Y. Lab. Law § 195.  For example, Defendants did not give Plaintiffs or members of the Class any notices regarding their pay rates.

59.     As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, post-judgment interest, and costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A.     Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.     Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C.     Designation of this action as a class action pursuant to F.R.C.P. 23.

D.     Designation of Plaintiffs as Representatives of the Class.

E.     An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F.      Penalties available under applicable laws;

G.      Costs of action incurred herein, including expert fees;

H.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216,  N.Y. Lab. L. §§ 198, 663 and other applicable statutes;

I.      Pre-judgment and post-judgment interest, as provided by law; and

J.      Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York        Respectfully submitted,
       July 17, 2026

JOSEPH & KIRSCHENBAUM LLP


By: /s/ *D. Maimon Kirschenbaum*
     D. Maimon Kirschenbaum
     45 Broadway, Suite 320
     New York, NY 10006
     Tel: (212) 688-5640
     Fax: (212) 981-9587


     *Attorneys for Named Plaintiff, proposed*
     *FLSA Collective Plaintiffs, and proposed*
     *Class*


## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

12